UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ZELIA CORREIA, | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   No. 1:24-cv-00020-JAW |
| | ) |
| ROBERT HUTCHINSON et al., | ) |
| | ) |
|       Defendants | ) |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Because I granted Zelia Correia's application to proceed *in forma pauperis*, *see* Order (ECF No. 10), her complaint (ECF No. 1) is now before me for preliminary review. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that when a party proceeds *in forma pauperis* a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief").

Upon review, Correia's complaint against the Defendants seems to be largely duplicative of her earlier complaint against them in Case No. 1:23-cv-00334-JAW. Although not identical, Correia's instant complaint is "materially on all fours" with her earlier complaint in that it seemingly asserts housing discrimination claims against the same Defendants stemming from the same general allegations. *Congress Credit Corp. v. AJC Int'l, Inc.*, 42 F.3d 686, 689 (1st Cir. 1994); *see also Amaefuna v. Wilkie*, No. 17-12496-IT, 2018 WL 4403313, at *2 (D. Mass. Aug. 14, 2018) (rec. dec.)

1

("A later-filed action is generally found duplicative of an earlier-filed suit if the claims, parties and available relief do not differ significantly between the two actions."), *aff'd*, 2018 WL 4380989 (D. Mass. Sept. 14, 2018).

"After finding that a suit is duplicative and weighing the equities of the case, a court may exercise its discretion to dismiss a later-filed action . . . ." *Id.*; *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that courts also have the discretion to dismiss a complaint under section 1915 if it "merely repeats pending or previously litigated claims"). The interests of judicial economy favor dismissing this duplicative action, *see Sutcliffe Storage & Warehouse Co. v. United States*, 162 F.2d 849, 851 (1st Cir. 1947) ("There is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket . . . ."), particularly where Correia has been ordered to file an amended complaint in her earlier action, *see* 1:23-cv-00334-JAW, ECF No. 25. If she intended to make new claims or allegations in this matter, she may do so in her amended complaint in the earlier action.

Accordingly, I recommend that the Court **DISMISS** Correia's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) without prejudice to her renewing her claims and allegations in an amended complaint in her earlier pending case (1:23-cv-00334-JAW) and **DEEM MOOT** her other pending motions.

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen*

*(14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: March 11, 2024

<u>/s/ Karen Frink Wolf</u><br>United States Magistrate Judge